# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
  Plaintiff

VERSUS                                              CIVIL ACTION NO. 17-CV-10

THIRTY THOUSAND-FOUR
HUNDRED SEVENTY-FIVE
DOLLARS IN U.S. CURRENCY
  Defendant

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America (hereafter the United States), by and through undersigned counsel, who allege the following:

## NATURE OF THE ACTION

1. This is a civil action in rem brought to forfeit and condemn to the United States, Thirty Thousand, Four Hundred Seventy-Five Dollars ($30,475.00) (the "defendant property") in United States currency, which represents monies furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and monies used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

3.  This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).   Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

5.  The defendant property consists of Thirty Thousand, Four Hundred Seventy-Five Dollars ($30,475.00) in United States currency.

6.  On June 20, 2016, Corporal Luke Cowart (hereafter Cpl. Cowart), was conducting routine patrols in the 100 block of Interstate 12 near mile marker 1 in Baton Rouge, Louisiana.

7.  At approximately 2000 hours, Cpl. Cowart saw a Black Lincoln MKX, luxury crossover Sports Utility Vehicle (SUV) traveling west bound on Interstate 12 in the area of mile marker 1.

8.  Cpl. Cowart saw the SUV following a commercial bus too closely, less than 2 car lengths and he conducted a traffic stop on the SUV.

9.  The driver of the SUV was Darrick Hayes (hereafter Hayes).

10.  Hayes produced a Louisiana Driver's License, #XXXXX2016, showing Hayes's municipal address in Lafayette, Louisiana.

11.  Based upon his training and experience, Hayes appeared very nervous to Cpl. Cowart.

12.  Cpl. Cowart informed Hayes of the reason for the traffic stop asked Hayes from where he was traveling. Hayes stated "Hammond at my mom's."

13.  Cpl. Cowart had observed, just prior to initiating his lights, that the SUV was maneuvering to take the Interstate 10 exit ramp. That exit would take the SUV East, toward New Orleans, Louisiana.

14.  Cpl. Cowart asked Hayes why he was attempting to take the exit ramp. Hayes replied he was "fixing to get a room."

15.  Cpl. Cowart then asked Hayes where he was from. Hayes replied "I'm from Hammond, but I live in Lafayette."

16.  Hayes then provided Cpl. Cowart with a rental car agreement. The written document states the SUV was picked up at 17330 Palmetto Pines, Houston, Texas.

17.  The written agreement states the Black Lincoln MKX, luxury crossover Sports Utility Vehicle, Texas registration, HHY7527, is the property of Avis Car Rental and that that Hayes rented the SUV on June 16, 2016 at approximately 8:42pm. The agreement states the expected return date and time was June 23, 2016 at 8:50pm.

18.  17330 Palmetto Pines, Houston Texas, is located with the confines of George Bush International Airport, Houston, Texas.

19.  The agreement states Hayes paid for the SUV rental with a VISA Card, Account XX0058.

20. Cpl. Cowart asked Hayes where he rented the SUV. Hayes replied "The airport in Houston."

21. Cpl. Cowart asked Hayes how he got to Houston. Hayes replied "I have a business in Baker, but I live in Houston."

22. Cpl. Cowart observed Hayes's nervousness grow stronger. Hayes was sweating profusely and his pulse was visibly beating on the side of his neck. Cpl. Cowart mentally noted that Hayes had just made an inconsistent statement about where he lives.

23. Cpl. Cowart also knows Houston to be a source city to obtain illegal narcotics that are commonly transported or smuggled in vehicles on the Interstate highway system.

24. Based on Cpl. Cowart's training and experience as an interdiction officer, he knows that drug smugglers or traffickers commonly avoid using "Houston" as the place they start or end a trip because it is a well-known illegal narcotic distribution hub.

25. Based on Hayes's visible nervousness, the deceptive answers Hayes provided as to his residence, the inconsistent information from his drivers' license compared to the rental agreement, the fact that the SUV had been rented at an airport in Houston, and relying on his training and experience as an interdiction officer, Cpl. Hayes had articulable suspicion to continue the traffic stop and proceeded to ask Hayes a serious of standard questions.

26. Hayes was asked if he had any narcotics in the SUV. Hayes responded "No."

27. Hayes was asked if he had any weapons in the SUV. Hayes responded "No."

28. Hayes was asked if he had any large amounts of money in the SUV. Hayes responded "No."

29. Cpl. Cowart observed that Hayes's nervousness became more visible as Hayes's lip was quivering as he spoke and provided the "No" answers.

30. Cpl. Cowart then requested verbal consent to search the SUV. Hayes refused to give consent to search the SUV.

31. Cpl. Cowart, has as part of his interdiction assignment, a USPCA certified narcotics detecting canine, named Rukus.

32. Cpl. Cowart deployed Rukus to sniff the exterior of the SUV. Rukus alerted to the presence of an illegal narcotic odor on the driver's door seam. Rukus then entered the SUV and began to sniff the interior of the SUV. Rukus alerted to the presence of an illegal narcotic odor by scratching on a blanket located behind the driver's seat on the rear floor board of the SUV. Rukus's act of scratching, showing the presence an illegal narcotic odor, caused the blanket to move.

33. Cpl. Cowart saw a blue bag with two loop handles was concealed beneath the blanket.

34. Cpl. Cowart had the passenger exit the SUV. The passenger provided a Texas Driver's license, #XXXX5211. The passenger was Alexia Ina. Ina is the girlfriend of Hayes.

35. Hayes was advised of his rights per Miranda. Hayes stated that he understood his rights.

36. Ina was advised of her rights per Miranda. Ina stated she understood her rights.

37. Cpl. Cody David had arrived to assist Cpl. Cowart and both officers searched the vehicle.

38. Cpl. David looked into the blue bag that Rukus had discovered and alerted to, and saw a white plastic bag.

39.   Cpl. David opened the white plastic bag and found that it contained a large amount
      of U.S. Currency. The U.S. Currency was wrapped in folded bundles; the majority of
      the bundles were separately wrapped and secured each with a rubber band.

40.   The bundles contained various denominations of U.S. currency. Corporals David and
      Cowart saw U.S. currency of $100s, $50s, $20s, $10s, $5s and $1s.

41.   The bundling and wrapping of each bundle in a rubber band is consistent with how
      proceeds of drug trafficking are packaged.

42.   Through their training and experience, Corporals Cowart and David deduced from
      the totality of the circumstances that the currency was monies furnished or intended
      to be furnished in exchange for a controlled substance, or were proceeds traceable to
      such an exchange, or were monies used or intended to be used to facilitate a drug
      offense.

43.   DEA Task Force Officer Rusty Jenkins (hereafter TFO Jenkins), had arrived on the
      scene and TFO Jenkins questioned Hayes and Ina separately.

44.   Hayes stated that Ina works for a used car dealership in Houston, Texas. He stated
      that he and Ina met an individual named "Trey" at Hayes's cousin's house. According
      to Hayes, Trey provided the currency as payment on a vehicle Trey purchased from
      the used car dealership that employs Ina and that Ina handled the transaction with
      Trey and that Ina received the currency from Trey for the truck.

45.   Hayes stated he did not know how much currency Ina received from Trey and that he
      did not know how much currency was in the bag.

46.   Ina told TFO Jenkins she worked for a used car dealership in Houston, Texas. She
      stated Trey provided the currency as payment on a vehicle Trey purchased from the

used car dealership that employs Ina. Ina stated to TFO Jenkins she never saw Trey and that Hayes handled the transaction with Trey, and received the currency from Trey.

47.  Ina stated there was supposed to be $25,000 cash in the bag.

48.  When the currency was placed on the hood of Cpl. Cowart's car to be photographed, Hayes saw the currency on the hood and declared "Where'd this money come from?"

49.  Also located in the SUV were three pieces of paper with handwritten names, initials and various monetary figures. The three pages indicate a pay/owe tally sheet consistent with records commonly kept by persons actively engaged in buying and selling illegal narcotics.

50.  Hayes has a 2001 arrest from the Hammond Police Department for conspiracy to distribute cocaine. Hayes was indicted on November 2, 2001, by the United States Grand Jury in the Eastern District of Louisiana on conspiracy to distribute more than 50 grams of crack cocaine, and two counts of distribution of more than 5 grams but less than 50 grams of crack cocaine and aiding and abetting.

51.  On April 17, 2002, Hayes pleaded guilty to the indictment and was adjudged guilty by U.S. District Judge Carl J. Barbier. Hayes was sentenced to on July 17, 2002, to a term of imprisonment of 121 months and a term of 5 years supervised release on all counts to run concurrently.

52.  Based on the above facts and totality of the circumstances the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents monies furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or monies used or intended

to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### CLAIM FOR RELIEF

WHEREFORE, the United States requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States; that the United States be awarded its costs and disbursements in this action; and that the Court award the United States such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY


/s/ Lyman E. Thornton III
Lyman E. Thornton III, LBN 20393
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: lyman.thornton@usdoj.gov

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
    Plaintiff

VERSUS                             CIVIL ACTION NO. 17-CV-10

THIRTY THOUSAND-FOUR
HUNDRED SEVENTY-FIVE
DOLLARS IN U.S. CURRENCY
    Defendant

## VERIFICATION

I, Special Agent Christopher Abney verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information, reports, photographs and other documents supplied to me by other law enforcement officers (both State and Federal), as well as my investigation of this case, in concert with other Special Agents and other law enforcement officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this ___9th___ day of ___January___, 2017.

CHRISTOPHER ABNEY
Special Agent, DEA

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  17-CV-10 |
| THIRTY THOUSAND FOUR HUNDRED SEVENTY-FIVE DOLLARS IN UNITED STATES CURRENCY | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  THIRTY THOUSAND FOUR HUNDRED SEVENTY-FIVE DOLLARS IN

UNITED STATES CURRENCY

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  LYMAN E. THORNTON, III
                                        ASSISTANT UNITED STATES ATTORNEY
                                        777 FLORIDA STREET, ROOM 208
                                        BATON ROUGE, LOUISIANA 70801

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                  _____

                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  17-CV-10

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
THIRTY THOUSAND FOUR HUNDRED SEVENTY-FIVE DOLLARS IN UNITED STATES CURRENCY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LYMAN E. THORNTON, III, AUSA
777 FLORIDA, STREET, ROOM 208
BATON ROUGE, LOUISIANA 70801 TEL: 225-389-0443

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881(a)(6)
Brief description of cause:
Forfeiture in Rem

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
1/9/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Lyman E. Thornton, III

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____